IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MICHAEL DOUGLAS McKILLIP,

    Petitioner,　　　　　　　　　　　　　　　　　　OPINION AND ORDER

  v.　　　　　　　　　　　　　　　　　　　　　　　　　　　25-cv-472-wmc

WARDEN E. EMMERICH,

    Respondent.

_____

    Petitioner Michael Douglas McKillip is an inmate incarcerated by the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford").  Representing himself, McKillip has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that prison officials have improperly curtailed privileges for his entire housing unit without due process as punishment for inappropriate behavior. (Dkt. #1).  He presents affidavits from several other inmates, attesting to the conditions of their confinement.  (Dkt. ##2-7.)  The petition will be dismissed for the reasons explained below.

OPINION

    A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence.  *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241).  To obtain a writ of habeas corpus, a

1

prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to proceedings under § 2241, the court may summarily dismiss a habeas petition if "it appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Court records show that petitioner is currently incarcerated as the result of a federal conviction for sexual exploitation of a minor (count one) and receipt of child pornography (count two) in *United States v. Michael Douglas McKillip*, No. 5:22CR50070 (D.S.D. Nov. 27, 2023). He received a sentence of 180 months' imprisonment on count one and 60 months' imprisonment on count two, to run consecutively, followed by a 7-year term of supervised release. (*Id*.) According to publicly available BOP records, his projected release date is March 24, 2039.

Petitioner does not challenge the administration of his sentence or a particular disciplinary proceeding that affected the execution of his sentence. Instead, he alleges that prison officials at FCI-Oxford have violated his rights because staff will frequently curtail television and phone privileges for a temporary period of time when inmates engage in inappropriate behavior, which he characterizes as "mass punishment" without due process. Staff at Oxford have also made his housing unit "last on sanitation inspection," which has impacted their commissary privileges, in "retaliation" for instances of sexual harassment towards female officers and other unacceptable conduct. He asks the court to issue injunctive relief by ordering "Oxford staff to cease and desist" mass punishment. He also wants officials investigated for "illegal and unethical treatment of inmates."

Petitioner's allegations concern the conditions of his confinement. A prisoner cannot seek relief related to conditions of confinement under 28 U.S.C. § 2241, which is limited to challenges to the validity or duration of a prisoner's confinement. *See Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. Cir. 2011) (recognizing the court's "long-standing view that habeas corpus is not a permissible route for challenging prison conditions."). Rather, challenges to a prisoner's conditions of confinement must be brought in a civil rights action. *Glaus v. Anderson*, 408 F.3d 382, 387-88 (7th Cir. 2005). Accordingly, the petition must be denied and this case will be dismissed for failure to state a claim upon which relief under 28 U.S.C. § 2241 may be granted.

## ORDER

IT IS ORDERED THAT:

1) The federal habeas corpus petition filed by petitioner Michael Douglas McKillip (dkt. #1) is DENIED and this case is DISMISSED for failure to state a claim upon which relief under 28 U.S.C. § 2241 may be granted.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 18th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge